IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06CV18-1-MU
3:91CR86-3-MU


CLYNTON J. CHASE,                       )
                                        )
        Petitioner,                     )
                                        )
        v.                              )          **O R D E R**
                                        )
UNITED STATES OF AMERICA,               )
                                        )
        Respondent.                     )
_____ )


        **THIS MATTER** is before this Court upon Petitioner's Motion to Stay and Abey, filed

January 10, 2006.

        On May 20, 1992, Petitioner pled guilty to violating  21 U.S.C. § 848.  On July 15, 1992,

the Court sentenced Petitioner to natural life imprisonment.  Judgment was entered on August

27, 1992.   Petitioner did not appeal his sentence and conviction.  On June 7, 2001, Petitioner

filed a motion to vacate, set aside, or correct sentence which was denied on July 27, 2001.  On or

about February 25, 2002, the United States Court of Appeals affirmed this Court's dismissal.

        Petitioner has now filed a Motion to Stay and Abey stating that the United States v.

Booker, 125 S. Ct. 738 (2005) and Blakely v. Washington, 124 S. Ct. 2531 (2004) favorably

impact his case because this Court impermissibly increased his sentence based upon facts not

found by a jury.  Furthermore, Petitioner argues that the Booker and Blakely cases should apply

retroactively on collateral review.[1]

　　While Petitioner requests a stay, he has no pending action to stay.  Moreover, a review of Petitioner's filing reveals that Petitioner's motion in which he is arguing that his sentence was unlawful is most properly construed[2] as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.[3]  However, under the Antiterrorism and Effective Death Penalty Act (AEDPA), "a second or successive motion must be certified . . . by a panel of the appropriate court of appeals. . ."  28 U.S.C. § 2255 (1997).  Therefore, because this is Petitioner's second motion to vacate, set aside, or correct sentence, he must first certify his claim with the United States Court of Appeals for the Fourth Circuit.

---

[1] Notwithstanding Petitioner's assertion to the contrary, the Fourth Circuit recently held that the rule announced in <u>Booker</u> was not a watershed rule warranting retroactive application. <u>United States v. Morris</u>, 429 F.3d 65, 2005 WL 2950732, *6 (4th Cir.2005)(criminal defendant unable to raise <u>Blakely</u> or <u>Booker</u> claim for the first time in §2255 petition when judgment of conviction became final before the Supreme Court decided <u>Booker</u>).

[2] Petitioner cites to Rule 201(d) of the Federal Rules of Evidence as support for his contention that this Court must take judicial notice of the <u>Booker</u> and <u>Blakely</u> cases and their impact on his criminal sentence.  Suffice it to say that Rule 201(d) simply does not apply to long-closed criminal cases.

[3] This Court finds that the Court of Appeals for the Fourth Circuit's recent decision in <u>United States v. Emmanuel</u>, 288 F.3d 644 (4th Cir. 2002), is distinguishable because, unlike in the <u>Emmanuel</u> case, this  would not be Petitioner's first § 2255 motion.  <u>Id.</u> at 650 (no notice required where recharacterization has no adverse impact on movant).

**THEREFORE, IT IS HEREBY ORDERED that** Petitioner's Motion Pursuant to Stay and Abey which this Court has construed as a Motion to Vacate, Set Aside, or Correct Sentence, is **DISMISSED** without prejudice as successive.

Signed: February 3, 2006

Graham C. Mullen
United States District Judge